# EXHIBIT D

**JOINT DECLARATION IN SUPPORT OF LEAD PLAINTIFF MOTION**

We, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We, Paul Lauritano, Terrance W. Michael, and Bala Settu, respectfully submit this Joint Declaration in support of our motion for consolidation of related actions, appointment as co-Lead Plaintiffs, and approval of our selection of Pomerantz LLP ("Pomerantz") as Lead Counsel in the instant class action on behalf of investors in the securities of Ultra Petroleum Corp. ("Ultra" or the "Company") pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). We are informed of and understand the requirements and duties imposed by the PSLRA.  We each have personal knowledge about the information in this Joint Declaration.

2.      I, Paul Lauritano, live in West Palm Beach, Florida.  I have a Masters of Business Administration (M.B.A.) in International Finance and am an experienced investment professional in the financial services industry.  I have served in various leadership positions at several major investment and financial institutions, and currently serve in leadership positions at two investment services businesses that I founded.  I am 57 years old.  Beginning in mid-2018, I invested in bond securities of the Company in my personal accounts and through my investment entity, Aedes, LLC, a Delaware limited liability company, of which I am the Chief Executive Officer and a beneficial owner.  When the Company filed a voluntary bankruptcy petition with the U.S. Bankruptcy Court for the Southern District of Texas on May 14, 2020, I hired counsel to file an objection to the Joint Chapter 11 Plan of Reorganization ("Plan") and to the associated disclosure statement, and to file a motion for an order to appoint an official committee for the minority Second Lien Noteholders. Ultimately, however, the Plan was approved over the objections and the motion was denied.  As reflected in my Certification, I purchased Ultra bonds during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action.

1

3.      I, Terrance W. Michael, live in Fredericksburg, Texas.  I have a bachelor's degree in science and engineering, and own an oil and gas exploration and ranching company.  I am 64 years old and have been investing in the securities markets for approximately 10 years.  As reflected in my Certification, I purchased Ultra common stock during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action.

4.      I, Bala Settu, live in Austin, Texas.  I have a bachelor's degree in computer science from California State University, Sacramento, and am an information technology (IT) and real estate consultant.  I am 41 years old and have been investing in the securities markets for 8 years.  As reflected in my Certification, I purchased Ultra common stock during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action.

5.      We have discussed this case with our counsel.  Accordingly, each of us is aware of the current status of this litigation.  We understand that in addition to ourselves, other investors in Ultra securities may file motions seeking appointment as Lead Plaintiff in this action.  We understand that on November 2, 2020, our counsel will file a memorandum of law in support of our Lead Plaintiff motion.  We understand that this Joint Declaration and other supporting submissions prepared by our counsel will be filed concurrently with the memorandum of law.  We understand that the Lead Plaintiff role includes evaluating the strengths and weaknesses of the case and prospects for resolution of this matter.  We understand that it is the Lead Plaintiff's responsibility to direct counsel with respect to this litigation, after receiving the benefit of counsel's advice.  We approved Pomerantz as our designated Lead Counsel.  Additionally, prior to filing our motion, we were aware of each other, had one another's contact information, and approved the filing of a motion on our behalf seeking appointment jointly as co-Lead Plaintiffs.

6.      We believe that our joint appointment as Lead Plaintiffs in this action will materially benefit the Class by, among other things, ensuring that the interests of investors in both Ultra's debt and equity securities are represented in this litigation, in contrast with a leadership structure consisting only of investors who incurred losses in connection with only one type of Ultra security.  Likewise, we believe that our respective backgrounds in, *inter alia*, the investment services and oil and gas industries make our group particularly well qualified to understand the underlying business and financial condition of Ultra and supervise the prosecution of securities fraud claims against the defendants in this action.  In sum, we believe that the Class will materially benefit from our diverse knowledge, and investment experience with respect to Ultra's business in the prosecution of the claims in this case.

7.      We have a shared desire to achieve the best possible result for the Class; we have a shared interest in prosecuting the case in a collaborative and likeminded manner; we understand the  fiduciary obligations of Lead Plaintiffs; and we are prepared to supervise counsel and undertake all actions necessary to ensure that the Class's claims will be zealously and efficiently litigated.

8.      Given our significant financial interest in the claims against the defendants, we are strongly motivated to recover the significant losses that we and the Class suffered as a result of defendants' violations of the federal securities laws.  Our principal goal in seeking to serve as Lead Plaintiffs in this case is to achieve the best possible recovery for the Class from all culpable parties. We are committed to ensuring the litigation is litigated as zealously and efficiently as possible, in accordance with our duties under the PSLRA.

9.      If appointed Lead Plaintiffs, we will satisfy our fiduciary obligations to the Class by, among other steps, conferring with each other and with our counsel regarding litigation strategy

3

and other matters, attending court proceedings, depositions, any settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, we will ensure that the Ultra securities litigation will be vigorously prosecuted consistent with the obligations of Lead Plaintiffs under the PSLRA and in the best interests of the Class, and will seek to obtain the greatest possible recovery for the Class.

10.     We each determined that we could maximize the Class's recovery by pooling our respective resources and experience by jointly seeking appointment as Lead Plaintiffs.  After reviewing the allegations pleaded in the complaint, and consulting with our counsel, we each independently determined to seek joint appointment as Lead Plaintiffs, and subsequently approved the filing of a joint motion seeking our appointment as Lead Plaintiffs.  We agree that our collective resources and our ability to engage in joint decision-making will materially benefit and advance the interests of the Class in this case.

11.     We do not anticipate that any disagreements between us will arise and agree to make all efforts, in good faith, to reach consensus with respect to all litigation decisions, and to that end will consult with our counsel as we deem necessary to fulfill our fiduciary obligations to the Class.

12.     We understand that the PSLRA and courts throughout the country, including courts in this District, have endorsed the appointment of small groups of investors to serve as Lead Plaintiff when the group is able to establish that its members are able to oversee the litigation and their proposed Lead Counsel in an independent manner.  We intend to prosecute this litigation in such an independent and vigorous manner.

13.     We also understand and appreciate the Lead Plaintiff's obligation under the PSLRA to select Lead Counsel and to monitor the action to ensure it is prosecuted efficiently.  We have

4

fulfilled this responsibility by selecting and retaining Lead Counsel with a proven history of handling this type of complex litigation.  In this case, we selected Pomerantz to serve as Lead Counsel.  Based on Pomerantz's experience in achieving substantial recoveries in securities class actions, we believe that the firm is well-qualified to represent the Class.

14.    We intend to direct Pomerantz to prosecute this action in an efficient, cost-effective manner while obtaining the best possible result for the Class.  We will continue to supervise counsel and actively oversee the prosecution of the action for the benefit of the Class by, among other things, reviewing pleadings, instructing counsel, and/or attending hearings, as necessary.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on this 2nd day of November 2020.

Paul Lauritano

6

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on this 2nd day of November 2020.

Terrance W. Michael

DocuSign Envelope ID: 3C6D3109-137D-4C1E-9750-9248FC178FBF

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on this 2nd day of November 2020.

DocuSigned by:

*Bala Settu*

BADD0974BA2D4BD...

Bala Settu

8