# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-02652-CMA-STV

ESWARAN SUBRAMANIAN, Individually and on Behalf of All Others Similarly Situated,

 Plaintiff,

 v.

MICHAEL D. WATFORD,
GARLAND R. SHAW, C.
BRADLEY JOHNSON, DAVID W.
HONEYFIELD and JERALD J.
STRATTON, JR.,

 Defendants.

---

Civil Action No. 1:20-cv-02820

ANDREW BUSSOM, Individually and on Behalf of All Others Similarly Situated,

 Plaintiff,

 v.

MICHAEL D. WATFORD,
GARLAND R. SHAW, C.
BRADLEY JOHNSON, DAVID W.
HONEYFIELD and JERALD J.
STRATTON, JR.,

 Defendants.

---

**JOINT DECLARATION IN SUPPORT OF THE MOTION
OF THE ULTRA PETROLEUM INVESTOR GROUP FOR
APPOINTMENT AS LEAD PLAINTIFF, CONSOLIDATION OF
RELATED ACTIONS, AND APPROVAL OF SELECTION OF COUNSEL**

---

1

We, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    We, Scott D. Heiner, Bala Settu, Geoffrey Polychronis, Mahdi Riyad Issa, and Yoav Givon (collectively, the "Ultra Petroleum Investor Group") respectfully submit this Joint Declaration in support of our Motion for Appointment as Lead Plaintiff, Consolidation of Related Actions, and Approval of Selection of Counsel (the "Joint Declaration").  We each have personal knowledge about the information contained in this Joint Declaration as to ourselves.

2.    We are each informed of and understand the requirements of serving as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  We understand that each of us could have chosen to pursue individual actions, individual motions for appointment as lead plaintiff, or taken no action and remained absent class members.  However, we have decided to move for lead plaintiff in this case jointly because we believe combining our collective resources and knowledge will best serve the Class.[1]

3.    I, Scott D. Heiner, as reflected in my Certification, purchased Ultra Petroleum securities during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in the Related Actions (defined below).  I am motivated to recover this loss for my own benefit and the benefit of all members of the Class.  I currently reside in Green River, Wyoming  I have a Bachelor's Degree in Engineering. I am currently retired, but prior to that I was employed as an operations manager. I consider myself to be a sophisticated investor and have been investing for 35 years. I decided to seek appointment as lead plaintiff with Bala Settu, Geoffrey Polychronis, Mahdi Riyad Issa, and Yoav Givon after learning of their motivation to recover on behalf of investors and that we were each in discussions with our counsel

---

[1]  The "Class" consists of all purchasers of Ultra Petroleum Corp. ("Ultra Petroleum" or the "Company") common stock between April 13, 2017 and August 8, 2019, inclusive (the "Class Period").

to pursue claims on behalf of the Class.

4.       I, Bala Settu, as reflected in my Certification, purchased Ultra Petroleum securities during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in the Related Actions.  I am motivated to recover this loss for my own benefit and the benefit of all members of the Class.  I currently reside in Austin, Texas and I am self-employed.  I have a Bachelor of Science Degree in Computer Science. I consider myself to be a sophisticated investor and have been investing for eight years. I decided to seek appointment as lead plaintiff with , Scott D. Heiner, Geoffrey Polychronis, Mahdi Riyad Issa, and Yoav Givon after learning of their motivation to recover on behalf of investors and that we were each in discussions with our counsel to pursue claims on behalf of the Class.

5.       I, Geoffrey Polychronis, as reflected in my Certification, purchased Ultra Petroleum securities during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in the Related Actions.  I am motivated to recover this loss for my own benefit and the benefit of all members of the Class.  I currently reside in Dallas, Texas.  I have Bachelor of Science Degree from Cornell University.  I am currently employed as a Sales Executive.  I consider myself to be a sophisticated investor and have been investing for approximately forty years.  I decided to seek appointment as lead plaintiff with Scott D. Heiner, Bala Settu, Mahdi Riyad Issa, and Yoav Givon after learning of their motivation to recover on behalf of investors and that we were each in discussions with our counsel to pursue claims on behalf of the Class.

6.       I, Mahdi Riyad Issa, as reflected in my Certification, purchased Ultra Petroleum securities during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in the Related Actions.  I am motivated to recover this loss for my

3

own benefit and the benefit of all members of the Class.  I currently reside in Anchorage, Arkansas and I am employed as an engineer. I have a Master's Degree in Electrical Engineering. I consider myself to be a sophisticated investor and have been investing for ten years. I decided to seek appointment as lead plaintiff with Scott D. Heiner, Bala Settu, Geoffrey Polychronis, and Yoav Givon after learning of their motivation to recover on behalf of investors and that we were each in discussions with our counsel to pursue claims on behalf of the Class.

7.    I, Yoav Givon, as reflected in my Certification, purchased Ultra Petroleum securities during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in the Related Actions.  I am motivated to recover this loss for my own benefit and the benefit of all members of the Class.  I currently reside in Kiryat Tivon, Israel and I am self-employed. I have a Master's in Business Administration. I consider myself to be a sophisticated investor and have been investing for five years. I decided to seek appointment as lead plaintiff with Scott D. Heiner, Bala Settu, Geoffrey Polychronis, and Mahdi Riyad Issa, and Yoav Givon after learning of their motivation to recover on behalf of investors and that we were each in discussions with our counsel to pursue claims on behalf of the Class

8.    We, Scott D. Heiner, Bala Settu, Geoffrey Polychronis, Mahdi Riyad Issa, and Yoav Givon believe that the allegations against Ultra Petroleum are meritorious and that the Class will benefit from having highly motivated investors with substantial financial interests at stake like ourselves control the class action.  We believe that our combined efforts, knowledge, and diverse background will better serve the Class.  If appointed lead plaintiff, our primary goal will be to ensure that the Class achieves the largest possible recovery.

9.    On September 1, 2020, Eswaran Subramanian filed a putative class action in this District, Case No. 1:20-cv-02652-CMA (the "*Subramanian* Action"), on behalf of all purchasers

4

of Ultra Petroleum common stock during the Class Period. The action seeks relief against Ultra Petroleum and certain of its senior officers for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission.

10. On September 17, 2020, Andrew Bussom commenced a nearly identical action in this District on behalf of the same Class, asserting the same claims against the same defendants as the *Subramanian* Action, Case No. 1:20-cv-02820-KLM (together, the "Related Actions").

11. We are like-minded investors who contacted and retained Levi & Korsinsky, LLP ("Levi & Korsinsky") and Bragar Eagel & Squire, P.C. ("BES") to represent us in the Related Actions as Co-Lead Counsel. After discussing the allegations against Ultra Petroleum, the procedural background of the Related Actions, the process of appointing a lead plaintiff in cases such as this, and attorneys' fees, we learned of each other's existence and similar willingness to litigate the claims of the Class.

12. Upon learning of each other's interest seeking appointment of lead plaintiff in this matter through our counsel, we communicated with one another and our counsel on Friday, October 30, 2020, at approximately 2:00 PM EST, where we discussed among other things: the allegations and the strength of the claims against defendants; a strategy for prosecuting the Related Actions; the role of the lead plaintiff and the lead plaintiff selection and litigation process; the benefits that the class would receive from the leadership of a group of like-minded investors like us; a shared desire to achieve the best possible result for the class; our interests in prosecuting the case in a collaborative, likeminded manner; attorney's fees, and the actions that we will take to continue to ensure that the claims will be zealously and efficiently litigated.

13. We believe that the Class will benefit from having a small, cohesive group of highly

motivated investors with substantial financial interests at stake as lead plaintiff.  We feel that our combined efforts and knowledge will better represent the Class as a whole, which is likely made up of the same composition.  We each decided to work together in order to collaborate and exercise joint decision-making as a small group of investors.  We agree to work collaboratively to represent all Ultra Petroleum shareholders who suffered damages during the Class Period and to ensure that the Class achieves the largest recovery possible.

14.    We each understand that, if appointed, we would owe a fiduciary duty to the Class to provide effective representation and to ensure that Co-Lead Counsel effectively litigates the Related Actions.  Each of us understands that if we are appointed as lead plaintiff, we will owe a duty to the putative Class to provide fair and adequate representation, oversee counsel, and obtain the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy.  Each of us will do our best to maximize the recovery for the Class.

15.    If appointed as lead plaintiff, we agree to actively manage the prosecution of the Related Actions including reviewing documents, having joint calls, discussing through email any developments, participating in discovery, and exercising joint decision-making to execute a strategy to maximize the recovery of the entire Class.  We are confident in our ability to reach joint decisions regarding litigation matters and will use consensus decision making to maximize the recovery for the Class.  We agree that we will share our perspectives, experiences, and resources and will remain actively involved to ensure the Class is afforded the highest degree of representation.

16.    Given our obligations to the Class and our shared common interest in maximizing the recovery for all investors, we fully expect to reach a consensus regarding litigation decisions.  However, in the unlikely event that a disagreement arises, we agree to abide by a majority vote.

6

17.     We select Levi & Korsinsky and BES to serve as Co-Lead Counsel on behalf of the Class and believe Levi & Korsinsky and BES have the experience and ability to effectively and expeditiously bring the Action to a close and achieve a strong recovery on behalf of the Class. We are familiar with the experience, resources, and successes of our proposed Co-Lead Counsel, Levi & Korsinsky and BES. We are well aware that Levi & Korsinsky and BES are accomplished law firms with histories of achieving significant settlements and corporate governance reforms with defendants. Indeed, we believe that the firms' prior experience of effectively litigating complex class action lawsuits will provide comfort that the proposed Class will receive the best possible representation. We also believe that Levi & Korsinsky and BES will vigorously prosecute the Related Actions in a cost-effective manner and in the best interests of all members of the putative Class.

18.     It is our goal to resolve the Related Actions in an expeditious manner that is fair to all members of the Class. Through supervision of our chosen counsel, Levi & Korsinsky and BES, we will ensure that the Related Actions are prosecuted for the benefit of the Class in an efficient and effective manner. In that regard, we will direct Levi & Korsinsky and BES to prosecute the Related Actions in such a way to achieve a fair result for all members of the Class.

19.     We have implemented communication procedures to ensure that we can quickly communicate and make decisions on short notice. We understand that we may call for a meeting or conference call at any time, including on an emergency basis if necessary. We understand that meetings, conference calls, and communications may be conducted without counsel. We agree to contact one another when necessary to facilitate the best interests of the Class and to prosecute the Related Actions. We do not foresee any problems communicating with one another or staying abreast of the progress of the litigation.

7

20.      We have also directed counsel to keep us informed of any developments in the Related Actions—including any developments in the lead plaintiff proceedings.  To this end, we will continue to direct Co-Lead Counsel and oversee the prosecution of the Related Actions for the benefit of the Class by reviewing pleadings, orders, and motion papers and conferring amongst ourselves.  Further, we agreed that we will make ourselves available to personally travel for any appearances, depositions, settlement hearings, and other necessary meetings to facilitate the prosecution of the Related Actions.

16.      We, the Ultra Petroleum Investor Group, hereby reaffirm our commitment to satisfying the fiduciary duties that we will owe to the Class if appointed as Lead Plaintiff, including conferring with counsel regarding litigation strategy, attending court proceedings and depositions, if necessary, and reviewing documents, pleadings, and motions in the Related Actions.  Our main goal is obtaining the largest recovery possible for the Class

8

I, Scott D. Heiner, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this 30th day of October, 2020.

_____

Scott D. Heiner

I, Bala Settu, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the

foregoing is true and correct.

Executed this 2nd day of November, 2020.

_____

Bala Settu

I, Geoffrey Polychronis, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this 1st day of November, 2020.

_____

Geoffrey Polychronis

I, Mahdi Riyad Issa, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that

the foregoing is true and correct.

Executed this 1st day of November, 2020.

_____

Mahdi Riyad Issa

I, Yoav Givon, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this 30th day of October, 2020.

_____
Yoav Givon