# EXHIBIT 1

SRF 42139

**RECEIVED**

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JUN 09 2020

**PRIME CLERK**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| | § | |
| ULTRA PETROLEUM CORP., *et al.*,[1] | § | Case No. 20-_____ (___) |
| | § | |
| Debtors. | § | **IMPORTANT:** No chapter 11 case |
| | § | has been commenced as of the date of |
| | § | this notice |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OR POTENTIAL HOLDERS OF
INTERESTS (OTHER THAN INTERCOMPANY INTEREST) AND OPT-OUT FORM**

       **PLEASE TAKE NOTICE THAT** Ultra Petroleum Corp. and its affiliates, (collectively, the "Debtors") intend to commence chapter 11 cases in the United States Bankruptcy Court for the Southern District of Texas (the "Court") and have commenced the solicitation of votes, in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), to accept the *Joint Chapter 11 Plan of Reorganization of Ultra Petroleum and Its Debtor Affiliates* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), which is attached as Exhibit A to the *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization of Ultra Petroleum and Its Debtor Affiliates* (as amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement"). The Debtors have not filed for relief under chapter 11 of the Bankruptcy Code, and no court has approved the Disclosure Statement or the Plan. The Debtors expect to commence the chapter 11 cases on or around May 14, 2020.

       **PLEASE TAKE FURTHER NOTICE THAT** the Plan and Disclosure Statement are accessible for free on the Debtors' restructuring website https://cases.primeclerk.com/ultrapetroleum. Copies of the Plan and Disclosure Statement may also be obtained upon request to the Debtors' proposed counsel, Kirkland & Ellis LLP. Once the Debtors file for chapter 11 cases, the Debtors will file the Plan and Disclosure Statement on the docket with the Court. Thereafter, the Plan and Disclosure Statement will be available for a fee on the Court's website at www.txs.uscourts.gov and will be on file with the Clerk of the Bankruptcy Court located on 4th Floor of 515 Rusk Street, Houston, Texas 77002, where they will be available for review between 8:00 a.m. to 4:00 p.m., prevailing Central Time.

---

[1]   The anticipated debtors in these chapter 11 cases and the last four digits of each debtor's federal tax identification number (if any) are the following: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC (N/A); Ultra Resources, Inc. (0643); Ultra Wyoming, LLC (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158). The Debtors' service address is 116 Inverness Drive East, Suite 400, Englewood, Colorado 80112.

CUSIP 903914208
CUSIP 903914117
CUSIP 903914109

SRF 42139

RECEIVED

**PLEASE TAKE FURTHER NOTICE THAT** you are a Holder[2] or potential Holder of an Interest in Class 10 that is **not** entitled to vote on the Plan due to the nature and treatment of such Interest under the Plan. Specifically, the Plan provides that a Holder of an Interest in a class that is Impaired under the Plan and conclusively presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code is **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT**, if you have questions regarding this notice, you should contact Prime Clerk LLC, the Debtors' proposed solicitation agent (the "Notice and Claims Agent") by (a) writing to Ultra Petroleum Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, (b) emailing ultrapetroleumballots@primeclerk.com and referencing "Ultra Petroleum" in the subject line, and/or (c) calling the Debtors' restructuring hotline at (877) 606-3608 (domestic) or (949) 635-4488 (international toll).

**PLEASE TAKE FURTHER NOTICE THAT** any objections (each, an "Objection") to the Plan or the Disclosure Statement must (1) be in writing, (2) comply with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules for the Southern District of Texas, (3) state the name and address of the objecting party and the amount and nature of the objecting entity's Claim or Interest beneficially owned, (4) state with particularity the legal and factual basis for such Objections, and, if practicable, a proposed modification to the Plan that would resolve such Objections, and (5) be filed with the Court and served so that the Notice Parties below *actually receives* the Objection no later than **June 11, 2020, at 5:00 p.m., prevailing Central Time**, (the "Objection Deadline") on the below parties.

Objections must be mailed or emailed to (a) proposed counsel to the debtors, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn.: David R. Seligman, P.C. (david.seligman@kirkland.com) and Brad Weiland (brad.weiland@kirkland.com) and 601 Lexington Avenue, New York, New York 10022 Attn.: Christopher T. Greco, P.C. (cgreco@kirkland.com) and 1301 Pennsylvania Avenue N.W. 10022, Washington, D.C. 20004 Attn.: AnnElyse Scarlett Gains (annelyse.gains@kirkland.com); (b) proposed co-counsel to the Debtors, Jackson Walker LLP, 1401 McKinney Street, Suite 1900, Houston, Texas 77010, Attn.: Matthew D. Cavenaugh (mcavenaugh@jw.com), Jennifer F. Wertz (jwertz@jw.com), and Kristhy M. Peguero (kpeguero@jw.com); (c) counsel to the First Lien RBL Agent and Consenting First Lien RBL Lenders, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn.: Elisha D. Graff (egraff@stblaw.com) and Nicholas Baker (nbaker@stblaw.com) and 600 Travis Street, Suite 5400, Houston, Texas 77002, Attn.: Robert René Rabalais (rrabalais@stblaw.com) and Erland Modesto (emodesto@stblaw.com); (d) counsel to the Consenting First Lien Term Loan Lenders, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038 Attn.: Jayme T. Goldstein (jgoldstein@stroock.com) and Matthew A. Schwartz (mschwartz@stroock.com); and (d) counsel to the Consenting Noteholders,

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Plan or Disclosure Statement, as applicable. The statements contained herein are summaries of the provisions contained in the Plan and Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein. If there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

CUSIP 903914208
CUSIP 903914117
CUSIP 903914109

Backstop Purchase Agreement, the Rights Offering, the Plan, or the Plan Supplement, before or during the Chapter 11 Cases, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Disclosure Statement, or the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan or the distribution of property under the Plan or any other related agreement, or any related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, including all relief obtained by the Debtors in the Chapter 11 Cases. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any party of any obligations related to customary banking products, banking services or other financial accommodations (except as may be expressly amended or modified by the Plan), (ii) any post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or any agreement (including those set forth in the Plan Supplement) executed to implement (or in connection with the implementation of) the Plan, including the Exit Financing Documents, or any Claim or obligation arising under the Plan, or (iii) the rights of holders of Allowed Claims to receive distributions under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing third-party release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the foregoing third-party release is: (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for a substantial contribution and for the good and valuable consideration provided by the Released Parties that is important to the success of the Plan; (d) a good faith settlement and compromise of the Claims released by the foregoing third-party release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the foregoing third-party release.

Definitions related to the Third-Party Release under the Plan:

"**Released Party**" means each of the following, solely in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the Consenting Creditor Parties; (d) the Term Agent; (e) the First Lien RBL Agent and the First Lien RBL Issuing Bank; (f) the DIP Agent; (g) the DIP Lenders; (h) the Exit RBL Facility Agent; (i) the Exit RBL Facility Secured Parties; (j) the Committee and the members thereof (solely in their capacity as such); (k) all holders of Claims and Interests who vote to accept the Plan; (l) all holders of Claims in Classes that are deemed to accept the Plan and who do not opt out of the releases provided by the Plan; (m) all holders of Claims and Interests in voting Classes who abstain from voting on the Plan and who do not opt out of the releases provided by the Plan; (n) the Backstop Parties; and (o) with respect to each of the foregoing parties in clauses (a) through (n), each of such Entity's current and former Affiliates, and such Entity's and its current and former Affiliates' current and former directors, managers, officers, principals, members, employees, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, assigns, subsidiaries, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants,

CUSIP 903914208
CUSIP 903914117
CUSIP 903914109

SRF 42139

Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 Attn.: Damian S. Schaible (damian.schaible@davispolk.com) and Stephen D. Piraino (stephen.piraino@davispolk.com).

PLEASE TAKE FURTHER NOTICE THAT <u>ARTICLE VIII</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS.

ALTHOUGH YOU ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, THE OPT-OUT FORM ATTACHED HERETO PROVIDES YOU WITH THE OPTION TO <u>NOT GRANT</u> THE VOLUNTARY THIRD-PARTY RELEASE CONTAINED IN <u>ARTICLE VIII.C</u> OF THE PLAN (THE "<u>THIRD-PARTY RELEASE</u>"):

Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged by each Releasing Party, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Entity, or that any holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof), the business or contractual arrangement between the Debtors and any Releasing Party, any Securities issued by the Debtors and the ownership thereof, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), intercompany transactions between or among a Debtor and another Debtor, the First Lien RBL Credit Documents, the First Lien Term Loan Credit Agreement, the Second Lien Notes Indenture, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Exit Financing, the Backstop Purchase Agreement, the Rights Offering or the Plan (including, for the avoidance of doubt, the Plan Supplement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement (including, for the avoidance of doubt, the Plan Supplement), the DIP Facility, the Exit Financing, the Backstop Purchase Agreement, the Rights Offering or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), the Disclosure Statement, the DIP Credit Agreement, the Exit Financing Documents, the

CUSIP 903914208
CUSIP 903914117
CUSIP 903914109

SRF 42139

Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Entity, or that any holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof), the business or contractual arrangement between the Debtors and any Releasing Party, any Securities issued by the Debtors and the ownership thereof, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), intercompany transactions between or among a Debtor and another Debtor, the First Lien RBL Credit Documents, the First Lien Term Loan Credit Agreement, the Second Lien Notes Indenture, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Exit Financing, the Backstop Purchase Agreement, the Rights Offering or the Plan (including, for the avoidance of doubt, the Plan Supplement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement (including, for the avoidance of doubt, the Plan Supplement), the DIP Facility, the Exit Financing, the Backstop Purchase Agreement, the Rights Offering or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), the Disclosure Statement, the DIP Credit Agreement, the Exit Financing Documents, the Backstop Purchase Agreement, the Rights Offering, the Plan, or the Plan Supplement, before or during the Chapter 11 Cases, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Disclosure Statement, or the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan or the distribution of property under the Plan or any other related agreement, or any related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, including all relief obtained by the Debtors in the Chapter 11 Cases. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any party of any obligations related to customary banking products, banking services or other financial accommodations (except as may be expressly amended or modified by the Plan), (ii) any post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or any agreement (including those set forth in the Plan Supplement) executed to implement (or in connection with the implementation of) the Plan, including the Exit Financing Documents, or any Claim or obligation arising under the Plan, or (iii) the rights of holders of Allowed Claims to receive distributions under the Plan.

CUSIP 903914208
CUSIP 903914117
CUSIP 903914109

SRF 42139

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing third-party release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the foregoing third-party release is:  (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for a substantial contribution and for the good and valuable consideration provided by the Released Parties that is important to the success of the Plan; (d) a good faith settlement and compromise of the Claims released by the foregoing third-party release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the foregoing third-party release.**

Definitions Related to the Debtor Release and the Third-Party Release:

"**Released Party**" means each of the following, solely in its capacity as such:  (a) the Debtors; (b) the Reorganized Debtors; (c) the Consenting Creditor Parties; (d) the Term Agent; (e) the First Lien RBL Agent and the First Lien RBL Issuing Bank; (f) the DIP Agent; (g)  the DIP Lenders; (h) the Exit RBL Facility Agent; (i) the Exit RBL Facility Secured Parties; (j) the Committee and the members thereof (solely in their capacity as such); (k) all holders of Claims and Interests who vote to accept the Plan; (l) all holders of Claims in Classes that are deemed to accept the Plan <u>and</u> who do not opt out of the releases provided by the Plan; (m) all holders of Claims and Interests in voting Classes who abstain from voting on the Plan <u>and</u> who do not opt out of the releases provided by the Plan; (n) the Backstop Parties; and (o) with respect to each of the foregoing parties in clauses (a) through (n), each of such Entity's current and former Affiliates, and such Entity's and its current and former Affiliates' current and former directors, managers, officers, principals, members, employees, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, assigns, subsidiaries, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, including, for the avoidance of doubt, the Consenting Creditor Parties' Advisors; *provided* that any holder of a Claim or Interest that opts out of the releases shall not be a "Released Party."

"**Releasing Party**" means collectively, and in each case solely in its capacity as such:  (a) the Debtors; (b) the Reorganized Debtors; (c) the Consenting Creditor Parties; (d) the Term Agent; (e) the First Lien RBL Agent and the First Lien RBL Issuing Bank; (f) the DIP Agent; (g) the DIP Lenders; (h) the Exit RBL Facility Agent; (i) the Exit RBL Facility Secured Parties; (j) the Committee and the members thereof (solely in their capacity as such); (k) all holders of Claims and Interests who vote to accept the Plan; (l) all holders of Claims in Classes that are deemed to accept the Plan <u>and</u> who do not opt out of the releases provided by the Plan; (m) all holders of Claims and Interests in voting Classes who abstain from voting on the Plan <u>and</u> who do not opt out of the releases provided by the Plan; (n) all holders of Claims and Interests in voting Classes who vote to reject the Plan <u>and</u> who do not opt out of the releases provided by the Plan; (o) all other holders of Claims and Interests to the fullest extent permitted by law; (p) the Backstop Parties; and (q) with respect to each of the foregoing Entities in clauses (a) through (p), each of such Entity's current and former Affiliates, and such Entity's and its current and former Affiliates' current and former directors, managers, officers, principals, members, employees, equity holders

CUSIP 903914208
CUSIP 903914117
CUSIP 903914109

SRF 42139

**RECEIVED**

**JUN 0 9 2020**

**Opt-Out Form**

**PRIME CLERK**

You must clearly sign and return this Opt-Out Form in the enclosed pre-addressed, pre-paid envelope or via first class mail, overnight courier, or hand delivery to Ultra Petroleum Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, to ensure that your hard copy Opt-Out Form is counted. If you would like to coordinate hand delivery of your opt-out form, please send an email to ultrapetroleumballots@primeclerk.com and provide the anticipated date and time of your delivery.

**PRIME CLERK LLC (THE "NOTICE AND CLAIMS AGENT") MUST RECEIVE THIS OPT-OUT FORM ON OR BEFORE JUNE 11, 2020, AT 4:00 P.M., PREVAILING CENTRAL TIME (THE "OPT-OUT DEADLINE").   IF THE OPT-OUT FORM IS RECEIVED AFTER THE OPT-OUT DEADLINE, IT WILL NOT BE COUNTED.**

**Item 1. Amount of Claim.**

The undersigned hereby certifies that, as of May 14, 2020 (the "Voting Record Date"), the undersigned was the Holder of Interest in Class 10 in the following aggregate number (insert number in box below):

Class 10 Interests in Ultra Petroleum  *338,628*

**Item 2. Important information regarding the Third-Party Release.**

AS A HOLDER OF AN INTEREST, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN, AS SET FORTH BELOW.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN. YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN ONLY IF (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND (II) YOU EITHER (A) CHECK THE BOX BELOW AND SUBMIT THE OPT-OUT FORM ON OR BEFORE THE OPT-OUT DEADLINE OR (B) TIMELY OBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.C OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.  THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.

   Check this box to opt out of the Third-Party Releases

Article VIII.C of the Plan contains the following Third-Party Release:

**Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged by each Releasing Party, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any**

CUSIP 903914208
CUSIP 903914117
CUSIP 903914109

SRF 42139

## OPTIONAL: RELEASE OPT-OUT FORM

You are receiving this opt out form (the "Opt-Out Form") because you may be a Holder of an Interest in Class 10 that is not entitled to vote on the *Joint Chapter 11 Plan of Reorganization of Ultra Petroleum and Its Debtor Affiliates* (as amended, supplemented, or otherwise modified from time to time, the "Plan"). Holders of Interests are deemed to grant the Third-Party Release set forth in the Notice unless a Holder affirmatively opts out of the Third-Party Release or timely objects to the Third-Party Release on or before **June 11, 2020, at 4:00 p.m., prevailing Central Time**, and such objection is not resolved before confirmation.

If you believe you are a Holder of an Interest in Class 10 with respect to Ultra Petroleum Corp. or its Debtor affiliates and choose to opt out of the Third-Party Release set forth in Article VIII.C of the Plan, you may submit your election to opt out through one of the following methods: (A) if you hold Interests on the books and records of the transfer agent or through a broker nominee, you may complete, sign, and return the Opt-Out Form via first class mail or in the enclosed reply envelope provided, overnight courier, or hand delivery to Ultra Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, so that the Notice and Claims Agent **actually receives** such form prior to the Opt-Out Deadline or (B) if you hold Interests on the books and records of the transfer agent only and do not hold Interests through a broker nominee, you may by complete, sign, and return the Opt-Out Form via the E-Ballot portal located at https://cases.primeclerk.com/ultrapetroleum.

CUSIP 903914208
CUSIP 903914117
CUSIP 903914109

SRF 42139

representatives, and other professionals, including, for the avoidance of doubt, the Consenting Creditor Parties' Advisors; *provided* that any holder of a Claim or Interest that opts out of the releases shall not be a "Released Party."

"**Releasing Party**" means collectively, and in each case solely in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the Consenting Creditor Parties; (d) the Term Agent; (e) the First Lien RBL Agent and the First Lien RBL Issuing Bank; (f) the DIP Agent; (g) the DIP Lenders; (h) the Exit RBL Facility Agent; (i) the Exit RBL Facility Secured Parties; (j) the Committee and the members thereof (solely in their capacity as such); (k) all holders of Claims and Interests who vote to accept the Plan; (l) all holders of Claims in Classes that are deemed to accept the Plan <u>and</u> who do not opt out of the releases provided by the Plan; (m) all holders of Claims and Interests in voting Classes who abstain from voting on the Plan <u>and</u> who do not opt out of the releases provided by the Plan; (n) all holders of Claims and Interests in voting Classes who vote to reject the Plan <u>and</u> who do not opt out of the releases provided by the Plan; (o) all other holders of Claims and Interests to the fullest extent permitted by law; (p) the Backstop Parties; and (q) with respect to each of the foregoing Entities in clauses (a) through (p), each of such Entity's current and former Affiliates, and such Entity's and its current and former Affiliates' current and former directors, managers, officers, principals, members, employees, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, assigns, subsidiaries, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, including, for the avoidance of doubt, the Consenting Creditor Parties' Advisors.

\*        \*        \*

THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES AND TO PROVIDE YOU WITH THE ATTACHED OPT-OUT FORM WITH RESPECT TO THE THIRD-PARTY RELEASES INCLUDED IN THE PLAN.  IF YOU HAVE QUESTIONS REGARDING YOUR RIGHTS UNDER THE PLAN OR ANYTHING STATED HEREIN OR THEREIN, YOU MAY CONTACT THE NOTICE AND CLAIMS AGENT OR DEBTORS' COUNSEL AT THE ADDRESSES PROVIDED BELOW.

CUSIP 903914208
CUSIP 903914117
CUSIP 903914109

SRF 42139

Dated: _____, 2020          /s/ _____
Houston, Texas                  Matthew D. Cavenaugh (TX Bar No. 24062656)
                                Jennifer F. Wertz (TX Bar No. 24072822)
                                Kristhy M. Peguero (TX Bar No. 24102776)
                                **JACKSON WALKER LLP**
                                1401 McKinney Street, Suite 1900
                                Houston, TX 77010
                                Telephone:   (713) 752-4200
                                Facsimile:   (713) 752-4221

                                -and-

                                David R. Seligman, P.C. (*pro hac vice* admission pending)
                                Brad Weiland (*pro hac vice* admission pending)
                                **KIRKLAND & ELLIS LLP**
                                **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                300 North LaSalle Street
                                Chicago, Illinois 60654
                                Telephone:   (312) 862-2000
                                Facsimile:   (312) 862-2200

                                -and-

                                Christopher T. Greco, P.C. (*pro hac vice* admission pending)
                                **KIRKLAND & ELLIS LLP**
                                **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                601 Lexington Avenue
                                New York, New York 10022
                                Telephone:   (212) 446-4800
                                Facsimile:   (212) 446-4900

                                - and-

                                AnnElyse Scarlett Gains (*pro hac vice* admission pending)
                                **KIRKLAND & ELLIS LLP**
                                **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                1301 Pennsylvania Avenue, N.W.
                                Washington, D.C. 20004
                                Telephone:   (202) 389-5046
                                Facsimile:   (202) 389-5200

                                *Proposed Co-Counsel for the Debtors and Debtors in Possession*

                                CUSIP 903914208
                                CUSIP 903914117
                                CUSIP 903914109

(regardless of whether such interests are held directly or indirectly), predecessors, successors, assigns, subsidiaries, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, including, for the avoidance of doubt, the Consenting Creditor Parties' Advisors.

## USE OF E-BALLOT OPT-OUT FORM

If you hold Interests on the books and records of the transfer agent, you may submit your Opt-Out Form electronically online solely through the E-Balloting Portal found on the Debtors' case information website https://cases.primeclerk.com/ultrapetroleum. Instructions to access the E-Balloting Portal are found below. If you hold Interests through a broker nominee, you cannot submit your Opt-Out via the E-Balloting Portal; rather, you must complete and return the paper Opt-Out Form.

1. Please visit https://cases.primeclerk.com/ultrapetroleum.

2. Click on the "Submit E-Ballot" section of the Debtors' website.

3. Follow the directions to submit your Opt-Out Form. If you choose to submit your Opt-Out Form via the E-Balloting Portal, you should not return a hard copy of your Opt-Out Form.

**You will need the E-Ballot ID# below to retrieve and submit your customized Opt-Out Form:**

UNIQUE E-BALLOT ID# _____

**"E-BALLOTING" IS THE SOLE MANNER IN WHICH OPT-OUT FORMS MAY BE DELIVERED VIA ELECTRONIC TRANSMISSION. OPT-OUT FORMS SUBMITTED VIA FACSIMILE OR EMAIL WILL NOT BE COUNTED.**

## Item 3. Certifications.

By signing this paper Opt-Out Form, the undersigned certifies each of the following:

(a) that, as of the Voting Record Date, either (i) the Entity is the Holder of the Interests set forth in Item 1 or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Claims set forth in Item 1;

(b) that the Holder has received a copy of the *Notice of Non-Voting Status to Holders or Potential Holders of Interests (Other Than Intercompany Interest) and Opt-out Form* and that this Opt-Out Form is submitted pursuant to the terms and conditions set forth therein;

(c) that the Entity has submitted the same respective election concerning the releases with respect to all Interests in a single Class set forth in Item 1; and

(d) that no other Opt-Out Form with respect to the number of Interests identified in Item 1 have been submitted or, if any other Opt-Out Forms have been

CUSIP 903914208
CUSIP 903914117
CUSIP 903914109

SRF 42139

submitted with respect to such Interests, then any such earlier Opt-Out Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | SANKAR KARUPPASAMY |
| | (Print or Type) |
| Signature: | S. Karup |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | 10860 Crooked Canyon Dr Reno, NV 89521 |
| Telephone Number: | 775-232-0112 |
| Email: | KARUPS98 @ yahoo.com |
| Date Completed: | 6/5/2020 |

**IF YOU WISH TO OPT OUT, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-OUT FORM AND RETURN BEFORE THE OPT OUT DEADLINE VIA FIRST CLASS MAIL OR IN THE REPLY ENVELOPE PROVIDED, OVERNIGHT COURIER, OR HAND DELIVERY TO THE BELOW ADDRESS:**

**Ultra Ballot Processing
c/o Prime Clerk LLC
One Grand Central Place
60 East 42nd Street, Suite 1440
New York, New York 10165**

CUSIP 903914208
CUSIP 903914117
CUSIP 903914109

Sankar Karuppasomy
10860 Crooked Canyon Dr
Reno, NV  89521



To

**RECEIVED**

JUN 09 2020

**PRIME CLERK**

Ultra Ballot Processing
c/o Prime Clerk LLC
One Grand Central Place
60 East 42nd Street, ste 1440
New York, NY  10165

101658144S C007