# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02652-CMA-STV

ESWARAN SUBRAMANIAN, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

MICHAEL D. WATFORD, GARLAND R. SHAW, C. BRADLEY JOHNSON, DAVID W. HONEYFIELD and JERALD J. STRATTON, JR.,

Defendants.

---

Civil Action No. 1:20-cv-02820-KLM

ANDREW BUSSOM, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

MICHAEL D. WATFORD, GARLAND R. SHAW, C. BRADLEY JOHNSON, DAVID W. HONEYFIELD and JERALD J. STRATTON, JR.,

Defendants.

---

## REPLY MEMORANDUM OF LAW OF MICHAEL ALTMAN IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION

---

1

Michael Altman ("Mr. Altman") respectfully submits this Reply Memorandum of Law in Further Support of His Lead Plaintiff Motion.

Only the so-called Ultra Petroleum Investor Group (the "Group") claims a larger loss than Mr. Altman. However, as explained in Mr. Altman's opposition (Dkt. No. 34 at 2-9), the Group has all the hallmarks of an inadequate and improper lawyer-made group and thus must be rejected.

The Group does not challenge Mr. Altman's adequacy or typicality, however, competing movant Sankar Karuppasamy ("Mr. Karuppasamy"), with less than half the losses ($321,806.82) of Mr. Altman ($705,000), attempts to rebut the presumption in favor of Mr. Altman by advancing three baseless arguments.

First, Mr. Karuppasamy claims (falsely) that Mr. Altman did not provide adequate information about himself in his opening papers.  Dkt. No. 35 at 16-17. This argument is wrong on the facts and law.  Mr. Altman does not know what to make of the argument that he failed to include details about himself – given that background information about himself is provided both in his opening memorandum (Dkt. No. 16 at 11)[1] and in his opposition (Dkt. No. 34 at 3)[2].  Additionally, the background information Mr. Altman provided about himself with his initial submission is almost identical in specificity and content as to the background information provided by Mr. Karuppasamy. Dkt. No. 22-4.

---

[1] "Movant is a sophisticated investor. Prior to his retirement, Movant was a licensed advisor with a Fortune 500 company. He holds a bachelor's degree, a Master of Business Administration, and is a Certified Public Accountant." Dkt. No. 16 at 11.

[2] "Mr. Altman is also a sophisticated businessperson and investor. Mr. Altman is a CPA and earned a bachelor's degree and a Master of Business Administration. Dkt. No. 16. Prior to his retirement Mr. Altman was a licensed advisor with a Fortune 500 company. Id." Dkt. No. 34 at 3.

In any event, background information is typically only required when unrelated investors attempt to form groups—not when an individual—like Mr. Altman—is seeking lead plaintiff status. *See Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*, 589 F.Supp.2d 388, 392 (S.D.N.Y. 2008). Courts have rejected this same argument that individual lead plaintiff movants are required to provide background details about themselves in order to make a *prima facie* showing of adequacy or typicality. *Kasilingam v. Tilray, Inc.*, 2020 WL 4530357, at *3 (S.D.N.Y. Aug. 6, 2020); *see, also, Khunt v. Alibaba Grp. Holding Ltd.,* 102 F. Supp. 3d 526, 533 (S.D.N.Y. 2015) (movant "must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met. In fact, a wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification" (internal quotations and citations omitted); *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) (court is not to engage in an engage in a "freewheeling comparison" of competing lead plaintiffs, that a court believes a movant is "more adequate" or "more typical is of no consequence").

Second, Mr. Karuppasamy speculates that because Mr. Altman participated in the Company's *public* investor conference calls by asking questions that it should be inferred that Mr. Altman must have had private communications with Company management and thus must have relied on non-public information in purchasing the Ultra stock. Dkt. No. 35 at 18. This multi-layered speculation is false and insufficient "proof" to rebut the presumption in favor of Mr. Altman.

The fact that Mr. Altman participated in the Company's *public* conference calls

3

by asking questions about the Company does not render him atypical or inadequate. To the contrary, it demonstrates that Mr. Altman was indeed a sophisticated investor that monitored the company. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (court should consider, among other things, the "sophistication possessed by the lead plaintiff.").

Additionally, Mr. Karuppasamy's speculation that Mr. Altman must have privately followed up with Ultra management and obtained non-public information (Dkt. Nos. 35 at 19 at 18-19) is false. Unlike the cases cited by Mr. Karuppasamy, Mr. Altman did not have any private communications with Ultra management. As explained by Mr. Altman, "[o]ther than my participation in these public investor conference calls, I did not have communications with Ultra management." *See* Declaration of Michael Altman ¶ 5, attached hereto as Exhibit A (the "Altman Declaration). Mr. Altman did not have any "follow-up communications with Ultra's management." *Id.* at ¶ 6. Mr. Altman "did not trade Ultra securities based on non-public information." *Id*. at 7.

Nor does this speculation rise to the level of "proof" required to rebut the lead plaintiff presumption in favor or Mr. Altman. *See In re Oppenheimer Rochester Funds Group Sec. Litig.*, 2009 WL 4016635 at * 5 (D. Colo. Nov. 18, 2009) ("'Allegations of impropriety are not proof of wrongdoing. If they were, then any class member (or lawyer seeking to be appointed lead counsel) could disable any presumptive lead plaintiff with unsupported allegations.") (quoting *Cendant*, 264 F.3d at 270)); *In re Molycorp, Inc. Sec. Litig*., 2012 WL 13013602, at * 2 (D. Colo. May 29, 2012) ("speculation that a movant may be either atypical or inadequate will not defeat

4

the PSLRA's most adequate plaintiff presumption.").

Courts routinely dispose of and reject speculative arguments that lead plaintiff movants have special nonpublic information. *E.g., Mullins v. AZZ, Inc.,* 2018 WL 7504312, at * 3 (N.D. Tex. Aug. 9, 2018) (rejecting argument movant was atypical due to its non-public knowledge of the company and the company's business after movant filed a declaration attesting it did not have any nonpublic information); *Vandevelde v. China Natural Gas, Inc.*, 277 F.R.D. 126,  133-34 (D. Del. 2011) (movant who communicated with company's investor relations department was not atypical or inadequate as competing movant provided no evidence proving movant relied on non-public information); *see, also, Hallet v. Li & Fund, Ltd.*, 1997 WL 621111, at * 3 (S.D.N.Y. Oct. 6, 1997) ("In general ... the cases hold that if the plaintiff has received information from company insiders that confirms, reflects, repeats, or even digests publicly available market information, that plaintiff is an appropriate class representative."); *Howard v. Liquidity Servs. Inc.*, 322 F.R.D. 103, 126 (D.D.C. 2017) (same).

Third, Mr. Karuppasamy appears to argue he is a better lead plaintiff movant because he opted out of the third party bankruptcy release of Ultra's bankruptcy proceeding. Dkt No. 35 at 19.   Notwithstanding that the Court should not engage in an analysis on which movant is "more adequate" or "more typical," *Cavanaugh*, 306 F.3d at 732, Mr. Karuppasamy's opt out is of no consequence.  It is well established that an issuer's bankruptcy cannot release third party claims. *See, In re W. Real Estate Fund, Inc.*, 922 F.2d 592, 600 (10th Cir. 1990), *modified sub nom. Abel v. West*, 932 F.2d 898 (10th Cir. 1991) (regarding bankruptcy protection, "Congress did not

5

intend to extend such benefits to third-party bystanders."); *In re Digital Impact, Inc.*, 223 B.R. 1, 9 (Bankr. N.D. Okla. 1998) ("Congress did not authorize non-debtor discharges generally . . . Other courts have held that Section 105 is not broad enough to permit a bankruptcy court to permanently enjoin actions against non-debtors.") (citing cases) (internal quotations omitted).

Additionally, Mr. Karuppasamy did not have the ability to opt-out for the class here because no class has been certified. *In re Dynegy Inc.*, 2013 WL 2413482, at *5 (S.D.N.Y. June 4, 2013), *aff'd sub nom. In re Dynegy, Inc.*, 770 F.3d 1064 (2d Cir. 2014) ("Because the appellant failed to move for the application of the class action rule before the Bankruptcy Court, the appellant lacked standing to opt-out of or to object to the Release on behalf of the putative securities class.").

That Mr. Karuppasamy opted-out actually makes him unique and atypical to the putative class that did not opt-out. Thus, if Defendants were to raise this meritless defense, it is a defense common to Mr. Altman and the putative class.

In short, Mr. Karuppasamy has failed to rebut the presumption in favor of Mr. Altman with actual *proof* and his arguments should be rejected.

## <u>CONCLUSION</u>

For the foregoing reasons, Mr. Altman respectfully requests the Court issue an Order: (1) consolidating the related actions; (2) appointing Mr. Altman as Lead Plaintiff of the Class; (3) approving the Mr. Altman's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:  December 7, 2020                    Respectfully submitted,


                                           /s/ Phillip Kim
                                           Phillip Kim
                                           The Rosen Law Firm, P.A.
                                           275 Madison Avenue, 40th Floor
                                           New York, NY 10016
                                           Telephone: (212) 686-1060
                                           Fax: (212) 202-3827
                                           Email: pkim@rosenlegal.com

                                           [Proposed] Lead Counsel for Plaintiff and
                                           Class

**CERTIFICATE OF SERVICE**

I, Phillip Kim, hereby declare under penalty of perjury as follows:

I am an attorney at The Rosen Law Firm, P.A., with offices at 275 Madison Ave, 40th Floor, New York, NY 10016. I am over the age of eighteen.

On December 7, 2020, I electronically filed the following **REPLY MEMORANDUM OF LAW OF MICHAEL ALTMAN IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on December 7, 2020.

*/s/Phillip Kim*
Phillip Kim