## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02652-CMA-STV

ESWARAN SUBRAMANIAN, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

MICHAEL D. WATFORD, et al.,

    Defendants.

---

Civil Action No. 1:20-cv-02820-KLM

ANDREW BUSSOM, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

MICHAEL D. WATFORD, et al.,

    Defendants.

---

**REPLY MEMORANDUM IN FURTHER SUPPORT OF SANKAR KARUPPASAMY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL (ECF NO. 22)**

4847-3517-0771.v1

## I.   INTRODUCTION

Sankar Karuppasamy respectfully submits this memorandum in response to the opposition briefs filed by the competing lead plaintiff movants, and in further support of his motion for appointment as lead plaintiff.  The remaining three lead plaintiff candidates are: (1) Mr. Karuppasamy; (2) a group of five unrelated individuals, Bala Settu, Scott Heiner, Geoffrey Polychronis, Mahdi Riyad Issa, and Yoav Givon, who dubbed themselves the Ultra Petroleum Investor Group (the "Settu 2 Group"); and (3) Michael Altman.[1]  These movants' submissions confirm that Mr. Karuppasamy is the only movant who meets **all** of the requirements set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA") for appointment as lead plaintiff.  In fact, no argument has been made challenging Mr. Karuppasamy's typicality or adequacy to represent the class as lead plaintiff.  All that has been noted is his "relatively low financial stake in the litigation" which is irrelevant given that, pursuant to the sequential inquiry, he is "the first [movant] to meet [the PSLRA's] standards."  *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *5 (D. Ariz. Apr. 7, 2008) (appointing movant as lead plaintiff despite its smaller loss suffered because other movants with greater losses did not satisfy PSLRA requirements for appointment); *see also* ECF Nos. 33, 34.

In stark contrast to the lack of arguments against Mr. Karuppasamy's appointment, the Settu 2 Group and Mr. Altman both suffer from significant defects that preclude their

---

[1]   Initially seven movants sought appointment as lead plaintiff, but three of those movants filed notices of non-opposition to the competing motions (Guomin Mao, Harold Weber, and Dennis and Margaret Slaight), and one withdrew its motion (the Settu 1 Group, comprised of Paul Lauritano, Terrance W. Michael, and Bala Settu).  *See* ECF Nos. 28-32.  Unless otherwise noted herein, all emphasis is added and citations are omitted.

- 1 -

appointment.  For instance, the Settu 2 Group's "lack of cohesion is clearly evidenced by the fact" one of its members, Mr. Settu, filed a "competing motion[]" with another group, which "does not bode well for the adequacy of his group to lead this litigation."  *Tsirekidze*, 2008 WL 942273, at *4-*5.  And, while the Settu 2 Group strains to suggest that a movant filing cross-motions against himself "is not uncommon," and "does not disqualify the [Settu 2] Group from serving as lead plaintiff," common sense says otherwise as do the overwhelming majority of courts.  *Compare* ECF No. 33 at 13 *with* ECF No. 35 at 3-4.

In contrast to the many cases holding that filing a competing motion against one's self is disqualifying (*see* ECF No. 35 at 3-4), the Settu 2 Group relies upon only three cases, all of which are distinguishable.  First, *Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390 (S.D.N.Y. 2014), did not involve a movant who filed competing motions against itself.  Rather, there, Miran Segregated Portfolio Company withdrew its only motion because it did not appear to have suffered the largest loss.  *Id.* at 393.  Thereafter, the movant who claimed a larger financial interest than Miran also withdrew, prompting Miran to withdraw its withdrawal to pursue its motion for lead plaintiff appointment.  *Id.*  As such, the Settu 2 Group's characterization that Miran's motion was "potentially duplicative," (ECF No. 33 at 14), is plainly wrong as Miran never had a contemporaneous motion pending against itself filed by another law firm (and different co-movants) as Mr. Settu had here.

Second, in *In re Altisource Portfolio Sols., S.A. Sec. Litig.*, No. 9:14-cv-81156-WPD, ECF No. 24 (S.D. Fla. Dec. 5, 2014), involved an ***unopposed*** motion filed by an institutional investor who had mistakenly signed certifications with two law firms.  *Id.*

4847-3517-0771.v1

Consequently, that order does not address any arguments or case law regarding lead plaintiff applicants who file competing motions against themselves.

Finally, while *Cullinan v. Cemtrex, Inc.*, 287 F. Supp. 3d 277 (E.D.N.Y. 2018), did involve a plaintiff who filed a competing motion against himself, in appointing the lead plaintiff, the court found it relevant that the movant claimed he was **unaware** that the second motion had been filed on his behalf. *See id.* at 282 n.9. Here, however, Mr. Settu was clearly aware that both of his lead plaintiff motions were being filed because he signed not just two Certifications, but also two Joint Declarations in which he claimed that he was seeking appointment as lead plaintiff for the related actions as part of two different groups. *See* ECF Nos. 21-4, 27-4. In addition, Mr. Settu's competing motions and declarations in this case contain numerous conflicting statements made under penalty of perjury which further undermine his, and the Settu 2 Group's, adequacy. *See* ECF No. 35 at 4-7. Because no such contradictory declarations were at issue in *Cemtrex*, the decision is inapplicable.[2] The Settu 2 Group's motion should be denied.

---

[2]  Notably, the Settu 2 Group's counsel, Levi & Korsinsky, LLP, also represented the plaintiff in *Cemtrex* who filed competing motions against himself, and Mr. Settu offers a **nearly identical** explanation to the one submitted by Levi & Korsinsky in that case. *Compare* ECF No. 30-3 *with* Exhibit A attached hereto. This copy-and-paste job by Mr. Settu's counsel provides further evidence that his motion is lawyer-driven. If anything, *Cemtrex* serves as a cautionary tale for why courts around the country are loathe to install lawyer-driven assemblages of random individuals to lead PSLRA class actions when a qualified alternative exists. Indeed, a settlement was reached in *Cemtrex* not long after the lead plaintiff was appointed (and before any motion to dismiss order) providing that less than $375,000 of the total $625,000 settlement amount will be distributed to class members, with the remainder going towards attorneys' fees, expenses, and lead plaintiff awards.

- 3 -

Mr. Altman, the movant claiming the next largest financial interest, also cannot be appointed lead plaintiff because he: (i) failed to provide even the most "basic details" about himself to allow the Court to assess his adequacy; and (ii) is not typical of the class he seeks to represent. *Camp v. Qualcomm Inc.*, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019); ECF No. 35 at 10-14. Mr. Altman's motion should also be denied.

Because the Settu 2 Group and Mr. Altman are disqualified from serving as lead plaintiff, the movant with the next largest financial interest is Mr. Karuppasamy. Mr. Karuppasamy has demonstrated that he satisfies Rule 23's typicality and adequacy requirements, rendering him the presumptively most adequate plaintiff. *See* ECF Nos. 29, 30-2, 30-3, 30-4; 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc). Indeed, he submitted a Declaration attesting to his qualifications and is the only movant to have demonstrated that he timely opted out of defendants' attempted third-party release in the bankruptcy proceedings. Finally, because no evidence has been submitted to rebut that presumption, Mr. Karuppasamy should be appointed Lead Plaintiff.

DATED: December 7, 2020

Respectfully submitted,
ROBBINS GELLER RUDMAN
 & DOWD LLP
DANIELLE S. MYERS
TRICIA L. MCCORMICK
MICHAEL ALBERT


s/ Danielle S. Myers
DANIELLE S. MYERS

4847-3517-0771.v1

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
triciam@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed]
Lead Counsel

SHUMAN, GLENN & STECKLER
RUSTY E. GLENN
600 17th Street, Suite 2800 South
Denver, Co  80202
Telephone:  303/861-3003
303/536-7849 (fax)
rusty@shumanlawfirm.com

Local Counsel for [Proposed] Lead Plaintiff

PAUL L. ROBINSON, ESQ. LLC
500 Paterson Plank Road
Union City, NJ  07087
Telephone:  201/627-3299
201/627-3301 (fax)
trginternationalllc@gmail.com

Additional Counsel for [Proposed] Lead
Plaintiff

- 5 -

4847-3517-0771.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 7, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dmyers@rgrdlaw.com

4847-3517-0771.v1

# Mailing Information for a Case 1:20-cv-02652-CMA-STV Subramanian v. Watford et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,jeffreyberens@comcast.net

- **Rusty Evan Glenn**
  rusty@shumanlawfirm.com,kip@shumanlawfirm.com,e_file_sd@rgrdlaw.com

- **Laurence Jesse Hasson**
  lhasson@bernlieb.com,bernstein@bernlieb.com,lsriken@bernlieb.com,mguarnero@bernlieb.com

- **David Christopher Holman**
  david.holman@dgslaw.com,robin.anderson@dgslaw.com

- **Phillip C. Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Guomin Mao**
  ingo@rcfllp.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Ivy Tran Ngo**
  ingo@rcfllp.com,clarkin@rcfllp.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)