EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL PARDI,<br><br>               Plaintiff,<br><br>        v.<br><br>TRICIDA, INC., et al.,<br><br>               Defendants. | Case No. 21-CV-00076-LHK<br><br>**ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Re: Dkt. Nos. 11, 16, 27, 31, 32 |

On March 8, 2021, the Court received six competing motions to serve as Lead Plaintiff and Lead Plaintiffs' Counsel in this putative securities class action. ECF Nos. 11, 16, 23, 27, 31, 32. Only three motions remain pending. Specifically, on March 10, 2021, movant Michael Clynes withdrew his individual motion for appointment as Lead Plaintiff. ECF No. 41. On March 22, 2021, movant Geneva Acholonu filed a non-opposition to the competing motions. ECF No. 43. Lastly, movant Nancy Wang has abandoned her motion by failing to file an opposition or reply to the competing motions. ECF No. 16. Thus, the three remaining movants for Lead Plaintiff and Lead Plaintiffs' Counsel are: (1) Jeffrey Fiore represented by Block & Leviton LLP, ECF No. 11; (2) Donna Situ represented by Pomerantz LLP, ECF No. 31; and (3) Tricida Investor Group represented by Bragar Eagel & Squire PC and Bernstein Liebhard LLP, ECF No. 32. For the

Case No. 21-CV-00076-LHK
ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL

United States District Court
Northern District of California

reasons discussed below, Fiore is the only adequate and typical lead plaintiff.

Situ is an atypical plaintiff because she certifies, under penalty of perjury, that she had sold all her Tricida securities by July 17, 2020—months before October 29, 2020, the date of the last corrective disclosure alleged in the instant case. *See* ECF No. 31-5 at 2–3 (Situ's certification and list of transactions); Compl. ¶¶ 5–8, ECF No. 1 (alleging corrective disclosures on July 15, 2020, and October 29, 2020). Situ's sales possibly subject her "to the unique defense that [she] cannot prove loss causation." *In re Snap Inc. Sec. Litig.*, No. 17-CV-03679-SVW, 2019 WL 2223800, at *3 (C.D. Cal. Apr. 1, 2019) (collecting cases).

In a footnote in the reply brief, Situ's counsel contradicts Situ's certification under penalty of perjury. Without any basis in the record, Situ's counsel asserts that Situ had not in fact sold all her Tricida securities by October 29, 2020. *See* ECF No. 48 at 4 n.3 (argument on reply). The Court credits Situ's certification under penalty of perjury rather than Situ's counsel's mere argument in a footnote without any basis in the record. Thus, like the *In re Snap* Court, the Court concludes that the possible unique defense facing Situ counsels against her appointment as Lead Plaintiff.

As for the self-styled "Tricida Investor Group," it is an inadequate Lead Plaintiff because its members have failed to show that "the group will be able to function cohesively to monitor counsel and make critical litigation decisions as a group." *In re Cloudera, Inc. Sec. Litig.*, No. 19-CV-03221-LHK, 2019 WL 6842021, at *6 (N.D. Cal. Dec. 16, 2019) (citing *Eichenholtz v. Verifone Holdings, Inc.*, No. 07-CV-06140-MHP, 2008 WL 3925289, at *7–9 (N.D. Cal. Aug. 22, 2008)). In fact, rather than function as a cohesive group, the Tricida Investor Group "ha[s] been created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel." *Id.* (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001)) (declining to appoint a lead plaintiff group and collecting cases). "[C]ourts have uniformly refused to appoint as lead plaintiff groups of unrelated individuals, brought together for the sole purpose of aggregating their claims in an effort to become the presumptive lead plaintiff." *Id.* (quoting *Eichenholtz*, 2008 WL 3925289, at *7).

2

Case No. 21-CV-00076-LHK
ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL

United States District Court
Northern District of California

The Tricida Investor Group's lack of cohesion is evident in two ways. First, the Tricida Investor Group's own declaration candidly admits that the members of the group did not "learn[] of each other's existence" until speaking with their counsel, Bragar Eagel & Squire PC and Bernstein Liebhard LLP. ECF No. 35-3 ¶ 10; *see In re Cloudera*, 2019 WL 6842021, at *6 (collecting cases rejecting plaintiffs on similar grounds). Second, the Tricida Investor Group highlighted its lack of cohesion when one of its members, Michael Clynes, filed a competing individual motion with different counsel. *See* Clynes Decl., ECF No. 42 (explaining competing motion). The filing of competing motions "clearly evidence[s]" lack of cohesion. *Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204- FJM, 2008 WL 942273, at *5 (D. Ariz. Apr. 7, 2008) (rejecting appointment of plaintiff group); *see, e.g.*, *Singer v. Nicor, Inc.*, No. 02-CV-5168, 2002 WL 31356419, at *2 (N.D. Ill. Oct. 17, 2002) (rejecting plaintiff group's argument that "its conflicting initial filings were simply the result of a 'mis-communication'"). Thus, although the Tricida Investor Group has the largest financial interest in this litigation, the Tricida Investor Group does not meet the adequacy requirement of Federal Rule of Civil Procedure 23(a).

By contrast, Fiore is an adequate and typical plaintiff. *See, e.g.*, ECF No. 47 (arguing for Fiore), ECF Nos. 48–49 (not arguing that Fiore is inadequate or atypical). Thus, the Court hereby APPOINTS Jeffrey Fiore as Lead Plaintiff. ECF No. 11. Accordingly, the Court also DENIES the remaining motions for appointment as Lead Plaintiff.  ECF Nos. 16, 27, 31, 32.

In addition, Fiore proposes Block & Leviton LLP as Lead Plaintiffs' Counsel. Having reviewed the submissions and having considered the factors enumerated in Rule 23(g)(1)(A) of the Federal Rules of Civil Procedure, the Court hereby APPOINTS Block & Leviton LLP as Lead Plaintiffs' Counsel in the instant case. *See In re Cohen v. United States*, 586 F.3d 703, 712 (9th Cir. 2009) (holding that "if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice").

To ensure efficiency, the Court adopts the following protocols. Other than Block & Leviton, no other law firms shall work on this action for the putative class without prior approval of the Court. Motions for approval of additional Plaintiffs' counsel shall identify the additional

3

United States District Court
Northern District of California

United States District Court
Northern District of California

Plaintiffs' counsel and their background, the specific proposed tasks, and why Block & Leviton cannot perform these tasks. If attorney's fees are ultimately awarded in this case, the Court will not award fees for additional Plaintiffs' counsel whom the Court has not approved.  Lead Plaintiffs' Counsel should seek approval before additional Plaintiffs' counsel begin work on the case.

The Court further orders that any billers who will seek fees in this case, including staff, consultants, and experts, shall maintain contemporaneous billing records of all time spent litigating this case. By "contemporaneous," the Court means that an individual's time spent on a particular activity should be recorded no later than seven days after that activity occurred. Block & Leviton LLP shall review and approve attorney's fees and costs each month and strike any duplicative or unreasonable fees and costs. Additionally, all billing shall be recorded by task, rather than by block billing, and only work that has been assigned shall be eligible for compensation. Finally, Block & Leviton shall impose and enforce limits on the number of lawyers assigned to each task.

**IT IS SO ORDERED.**

Dated: April 2, 2021

_____
LUCY H. KOH
United States District Judge

4

Case No. 21-CV-00076-LHK
ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL