# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
**Judge Regina M. Rodriguez**

Civil Action No. 20-cv-02652-RMR-STV (consolidated for all purposes with Civil Action No. 20-cv-02820)

---

ULTRA PETROLEUM INVESTOR GROUP, Individually and on behalf of all others similarly situated,

        Plaintiffs,

    v.

MICHAEL D. WATFORD,
C. BRADLEY JOHNSON,
ULTRA PETROLEUM, INC.,
FIR TREE CAPITAL MANAGEMENT LP N/K/A FIR TREE PARTNERS, INC., and
EVAN LEDERMAN,

        Defendants.

---

## MOTION FOR JUDICIAL NOTICE

---

Pursuant to Federal Rule of Evidence 201(b), Defendants Michael Watford and Bradley Johnson respectfully request that the Court take judicial notice of Exhibits 1 through 12, which are attached to the Declaration of David Holman, filed contemporaneously.

Before filing this motion, counsel for the movants conferred with counsel for Plaintiffs regarding the relief sought herein. Defendants previously filed a motion for judicial notice of 11 of the 12 exhibits to this present motion (Dkt. No. 63), Plaintiffs did not oppose the relief sought in that motion, while reserving the right to argue the documents are being used for an improper purpose.

1

With respect to this present motion, however, Plaintiffs' counsel indicated that Plaintiffs do not consent to the relief sought herein.

## Legal Standard

Under Federal Rule of Evidence 201, a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

## Argument

The documents attached to the Declaration of David Holman are appropriate subjects for judicial notice. Accordingly, this Court should consider them in adjudicating the motion to dismiss.

**I.     Analyst/Investor Presentations.**

Exhibits 1, 10, and 12 are presentations published by Ultra Petroleum in conjunction with earnings conference calls, and are available on the internet. These presentations are a matter of public record and are not subject to reasonable dispute. *See, e.g., O'Toole v. Northrop Grumman*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."); *In re ZAGG Deriv. Litig.*, 2014 WL 5089939, *1 (D. Utah Oct. 9, 2014) (taking judicial notice of press releases).

**II.     Earnings Call Transcripts.**

Exhibits 2, 3, 4, 5, 8, and 9 are transcripts of Ultra Petroleum earnings conference calls. Because these documents are matters of public record and are not subject to reasonable dispute, the Court may take judicial notice of them. *See In re Gold Res. Sec. Litig.*, 957 F. Supp. 2d 1284, 1292-93

(D. Colo. 2013) (taking judicial notice of earnings conference call transcripts); *In re MGP Ingredients Sec. Litig.*, 2021 WL 3885655, \*6 (D. Kan. Aug. 31, 2021) (same).  In addition, each transcript is also quoted in the complaint.  *See* Compl. ¶¶ 103, 110, 152, 204, 220, 221.

### III.     Ultra Petroleum SEC Filings.

Exhibits 6, 7, and 11 are Ultra Petroleum SEC filings.  Because these documents are SEC filings, they are "matters of public record not subject to reasonable dispute," and the Court may take judicial notice of them.  *MGP Ingredients*, 2021 WL 3885655 at \*6; *see also Smallen v. The Western Union Co.*, 950 F.3d 1297, 1305 n.4 (10th Cir. 2020) ("Consistent with this principle, we consider … Western Union's SEC filings….").

### Conclusion

For the foregoing reasons, Defendants Watford and Johnson respectfully request that the Court take judicial notice of Exhibits 1 through 12 to the Declaration of David Holman.

Dated: June 8, 2022                                                           Respectfully submitted,

*/s/ David Holman*
David Holman
CRISHAM & HOLMAN LLC
2549 West Main Street, Suite 202
Littleton, CO 80120
(720) 739-2176

Joshua Z. Rabinovitz
Anne I. Salomon
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(312) 862-2284

*Counsel for Defendants Michael D. Watford and C. Bradley Johnson*

3