**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1:20-cv-02652-RMR-STV
      (Consolidated for all purposes with Civil Action No. 1:20-cv-02820)

ULTRA PETROLEUM INVESTOR GROUP, Individually and on Behalf of All Others
Similarly Situated,

      Plaintiffs,

v.

MICHAEL D. WATFORD,
C. BRADLEY JOHNSON,
ULTRA PETROLEUM, INC.,
FIR TREE CAPITAL MANAGEMENT LP N/K/A FIR TREE PARTNERS INC., and
EVAN LEDERMAN,

      Defendants.

---

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

---

Lead Plaintiffs Scott Heiner, Bala Settu, Geoffrey Polychronis, Mahdi Riyad Issa, Yoav

Givon, and Named Plaintiff Michael Altman, hereby submit this opposition to Defendants Michael

Watford's and Bradley Johnson's ("Defendants") Motion for Judicial Notice (ECF No. 85).

## LEGAL STANDARD

As Defendants indicate in their request for judicial notice, under Federal Rule of Evidence

201, a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is

generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily

determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

1

"As a general rule, the only facts we consider in assessing the sufficiency of a complaint are those alleged in the complaint itself." *Employees' Ret. Sys. of R.I. v. Williams Cos.*, 889 F.3d 1153, 1158 (10th Cir. 2018). "In securities cases it is not unusual to consider documents incorporated by reference into the complaint, public documents filed with the SEC [Securities and Exchange Commission], and documents the plaintiffs relied upon in bringing suit." *Id.* (internal quotations omitted). "We may look to the contents of *a referenced document* itself rather than solely to what the complaint alleges the contents to be." *Id*. (emphasis added). "But such documents may properly be considered only for what they contain, not to prove the truth of their contents." *Id.* (internal quotations omitted).

## **ARGUMENT**

Defendants request that the Court take judicial notice of 12 exhibits, 11 of which Plaintiffs did not oppose. Defs. RJN Br. at 1. Defendants now request that the Court take notice of Exhibit 12, attached to the Declaration of David Holman in Support of Defendants' Motion to Dismiss (ECF No. 84-1). Defendants describe Exhibit 12 as "a true and correct copy of a presentation published by Ultra Petroleum on November 8, 2017, in conjunction with its 3rd quarter 2017 earnings conference call. It is publicly available from FactSet CallStreet." *Id.* at 3.

Exhibit 12 was not referenced in Plaintiffs' complaint, filed with the SEC, or relied upon by Plaintiffs bringing suit. Nor is Exhibit 12 a "fact" that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). For example, Defendants provide no link to Exhibit 12, Exhibit 12 is not dated, and there is no indication that Exhibit 12 was filed with the SEC or even on Ultra's website. There is no way for Plaintiffs to confirm when Exhibit 12 was published, where it was available, or any other pertinent

facts.[1] This is in stark contrast to Exhibit 1, another presentation relied on by Defendants, that includes a link to the presentation, and where the presentation itself is dated.

Even if the accuracy could not be questioned, and it can, the "map" contained within Exhibit 12 that Defendants seek to rely on fails to indicate who created the "map," when the "map" was created, for what purpose the "map" was created, or any other information that would make it reliable. Even if it did, Defendants seek judicial notice of Exhibit 12 because it supposedly revealed to investors the location of Defendants' horizontal drilling. ECF No. 84 at 14-15. However, it is unclear what facts the "map" actually revealed.

The "map" does not include any geographic markings like towns, surface features, or roads. The squares on the "map," which presumably reference a township, range, or square for oil drilling purposes, are not numbered. There appears to be a legend at the bottom right corner of the corner indicating the "map's" scale, but it is illegible.

Further, there are indicia that the "map" is *un*reliable. First, the "9-23" in the three Warbonnet wells means that the wells were drilled quite close to each other in the same section. Indeed, all three wells were drilled on the same pad. Ex. 14. According to Google Earth, the entire pad on which the wells were drilled measures approximately 950 feet by 700 feet. Yet the "map" in Exhibit 12 shows them relatively far apart. Second, the "map" claims that every well except the Boulder 10-33-B-1H is drilled as a straight-line due East, which seems unlikely. Third, the Complaint alleges that the Warbonnet wells were drilled due West, not East. ¶¶134-35.

For all these reasons, there is no "fact" established by the presentation "not subject to reasonable dispute," and the presentation does not qualify for judicial notice under Rule 201(b). *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1000 (9th Cir. 2018) (earnings call transcript that "is subject to varying interpretations," not proper for judicial notice.).

---

[1] Defendants merely state that it is available on FactSet, a paywalled cite with minimum payments of approximately $12,000 per year.

Defendants fail to cite a single case where undated presentations whose authenticity is unknown qualifies for judicial notice. *See O'Toole v. Northrop Grumman Corp*., 499 F.3d 1218, 1225 (10th Cir. 2007) (judicially notices a document that was created by the opposing party and located on the opposing parties' website, while noting that information available on the internet can be judicially noticeable and citing cases judicially noticing a "term defined", information in an almanac that cites to the website, and stock prices); *In re ZAGG Deriv. Litig.*, 2014 WL 5089939, \*1 (D. Utah Oct. 9, 2014) (taking judicial notice of ZAGG press releases that was unopposed). Here, neither of these cases are applicable as there is no link to Exhibit 12, Exhibit 12 is not dated, Exhibit 12 was not filed in a press release or on the company's website, and Exhibit 12 is not readily available on the internet as shown by Defendants' failure to provide a link.

Alternatively, if the Court considers Exhibit 12, Defendants' motion "must be converted to a motion for summary judgment" and Plaintiffs must be "given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Judicially Notice Exhibit 12 should be denied.

Dated: June 29, 2022                    Respectfully submitted,


                                        /s/ *Jeffrey A. Berens*
                                        Jeffrey A. Berens
                                        Berens Law LLC
                                        2373 Central Park Blvd., Suite 100
                                        Denver, CO 80238
                                        Telephone: (303) 861-1764
                                        Email: jeff@jberenslaw.com

                                        *Liaison Counsel*

4

5

Adam M. Apton
Adam C. McCall
Nicholas I. Porritt
Levi & Korsinsky, LLP
55 Broadway, 10th Floor
New York, NY 10006
Telephone: (212) 363-7500
Email: aapton@zlk.com
        amccall@zlk.com
        nporritt@zlk.com

Melissa A. Fortunato
Marion Passmore
Bragar Eagel & Squire, P.C.
580 California Street, Suite 1200
San Francisco, California 94104
Telephone:  (415) 568-2124
Email: fortunato@bespc.com
Email: passmore@bespc.com

*Co-Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Jeffrey A. Berens, an attorney, hereby certify that on June 29, 2022, I caused a true and correct copy of the foregoing "PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE" to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury that the foregoing is true and correct. Executed on June 29, 2022.

/s/ Jeffrey A. Berens                .
Jeffrey A. Berens