**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 20-cv-02652-NYW-STV (consolidated for all purposes with Civil Action No. 20-cv-02820)

---

ULTRA PETROLEUM INVESTOR GROUP, Individually and on behalf of all others similarly situated,

      Plaintiffs,

   v.

MICHAEL D. WATFORD,
C. BRADLEY JOHNSON,
ULTRA PETROLEUM, INC.,
FIR TREE CAPITAL MANAGEMENT LP N/K/A FIR TREE PARTNERS, INC., and
EVAN LEDERMAN,

      Defendants.

---

**DEFENDANTS' OBJECTION TO THE RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

On November 21, 2022, Magistrate Judge Varholak issued a Recommendation on Defendants' three motions to dismiss, recommending dismissal of Plaintiffs' securities fraud complaint. Dkt. #102. The fifty-one-page Recommendation thoroughly analyzes Plaintiffs' failure to satisfy their heightened pleading burdens under the Private Securities Litigation Reform Act, and Defendants agree with that analysis.[1]  However, Defendants respectfully object to the recommendation that Plaintiffs be granted

---

[1] In addition to the reasons set forth in the Recommendation, Plaintiffs' complaint also fails for additional reasons detailed in Defendants' motions to dismiss, including but not limited to Plaintiffs' failure to satisfy the scienter pleading requirement and Plaintiffs' failure to properly allege the "control" element of their control person liability claims. *See* Dkt. #84, 86, 87.

leave to amend their complaint, which would be their *fourth* chance to state a claim.  *Id.* at 49-50.

Indeed, Plaintiffs filed the operative complaint (the second amended complaint) *after* the parties had

fully briefed Defendants' original motions to dismiss—meaning Plaintiffs already had the full benefit

of reviewing the arguments that the Recommendation credited in deciding in Defendants' favor.

Plaintiffs' request for leave to amend—a single sentence in a footnote to their response to Defendants'

motions to dismiss—is insufficient and the Court should dismiss this case with prejudice, rather than

giving Plaintiffs yet another opportunity to replead.

### Background

This case concerns Ultra Petroleum Corp., a gas exploration company whose stock price fell

during a year-and-a-half period from August 2017 to March 2019.  Plaintiffs are six former sharehold-

ers of Ultra who assert claims for securities fraud under § 10(b) and § 20(a) of the Securities Exchange

Act of 1934.  As detailed in Defendants' motions to dismiss, Plaintiffs' claims hinge on allegations

that Ultra exercised poor business judgment and devoted too much money, too quickly, and with too

little preparation, to a strategy of horizontal drilling.  But alleging poor decision-making does not state

a claim for securities fraud, which can lie only where a defendant makes a false or misleading public

statement and does so with intent to deceive.  As the Recommendation correctly reasons, Plaintiffs'

allegations do not satisfy the heightened requirements for pleading an actionable false or misleading

statement.  Nor do Plaintiffs allege facts that give rise to a cogent and compelling inference that De-

fendants acted with intent to deceive, also fatal to Plaintiffs' complaint.[2]

To date, Plaintiffs already have filed three versions of their complaint.  They originally filed

---

[2] The Recommendation did not consider Defendants' scienter arguments because it concluded Plain-
tiffs did not plead an actionable fraudulent statement. Dkt. #102 at 24.   Nor did it consider whether
Plaintiffs had adequately alleged "control" under § 20(a) because it recommended dismissing the un-
derlying claim for securities fraud in its entirety.  *Id.* at 48-49.

this action in 2020 (Dkt. #1) and then amended their complaint on July 9, 2021 (Dkt. #47). Defendants moved to dismiss the amended complaint and three months after those motions were fully briefed, Plaintiffs sought to amend their complaint yet again. The purported basis for that amendment was to incorporate allegations from a separate lawsuit filed by a *pro se* plaintiff in the Southern District of Texas more than a month *before* Plaintiffs had filed their opposition to the first round of motion to dismiss briefing. Plaintiffs filed their second amended complaint in May 2022. Dkt. #75-2.

**<u>Argument</u>**

A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is properly made if it is both timely and specific such that it sufficiently "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). For any part of a recommendation that is not objected to, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

## I.      Plaintiffs' Request For Leave To Amend Their Complaint Was Improper.

In a one sentence footnote in their 50-page response to Defendants' motions to dismiss, Plaintiffs requested leave to amend if the Court dismisses their complaint. Dkt. #91 at 50 n.13. In full, their request stated: "If the Court concludes that Plaintiffs' Complaint is deficient in any regard, Plaintiffs respectfully request leave to amend." *Id.* Plaintiffs did not indicate what allegations they would add or why they should be permitted a *fourth* chance to satisfy their pleading burdens. The Recommendation acknowledges that "[t]he entirety of Plaintiffs' argument is a one sentence request, with

3

two case citations" and that "[t]he Tenth Circuit has held that a district court does not abuse its dis-
cretion when it dismisses a complaint with prejudice where the request to amend is made in such a
perfunctory manner." Dkt. #102 at 49, *citing In re Gold. Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1118-19
(10th Cir. 2015) ("The district court did not abuse its discretion in dismissing the complaint with
prejudice where plaintiff's memorandum contained only one sentence at the very end of his brief
alternatively requesting leave to amend in the event the district court should decide to dismiss his
complaint."); *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186-87 (10th Cir. 1999) ("[A]
request for leave to amend must give adequate notice to the district court and to the opposing party
of the basis of the proposed amendment before the court is required to recognize that a motion for
leave to amend is before it."). The Recommendation nevertheless recommends granting Plaintiffs
leave to amend their complaint. The Court should not adopt that part of the Recommendation and
instead should dismiss this action with prejudice.

As a threshold matter, courts routinely find that unexplained requests for leave to amend are
insufficient. "A district court may deny leave to amend when 'a plaintiff fails to file a written motion
and instead 'merely suggests she should be allowed to amend if the court concludes her pleadings are
infirm.'" *Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020); *see also Tirado v. City of Colo. Springs*, 2021
WL 6061781, *2 (10th Cir. Dec. 20, 2021) (affirming denial of amendment where the request to amend
was made in response to a motion to dismiss). Here, Plaintiffs did exactly that, adding a single sen-
tence seeking another shot in the event that the Court finds their complaint deficient.

Moreover, Plaintiffs' request did not comply with Local Rule 7.1(d), which provides that "[a]
motion shall not be included in a response or reply to the original motion," but must instead "be filed
as a separate document." *Marshall v. Dix*, No. 21-cv-1971, 2022 WL 16924019, *22 (D. Colo. Nov.
14, 2022) (quoting D.C.Colo. L. Civ. R. 7.1(d)). Plaintiffs have filed no such motion and accordingly

4

granting them leave to amend would be improper. *See Duong v. State Farm Mut. Auto. Ins. Co.*, No. 21-cv-2187, 2022 WL 4386003, *6 (D. Colo. Sept. 22, 2022) (denying leave to amend requested in plaintiffs' response to motion to dismiss for failure to comply with local rule 7.1(d)); *Werahera v. Regents of Univ. of Colo.* No. 21-cv-2776, 2022 WL 3645979, *11 (D. Colo. Aug. 24, 2022) (same); *Armata v. Certain Underwriters at Lloyd's London*, No. 21-cv-160, 2022 WL 3227619, *11 (D. Colo. Aug. 10, 2022) (same); *Houston Cas. Co. v. Swinerton Builders*, No. 20-cv-3558, 2022 WL 3212927, * 13 (D. Colo. Aug. 9, 2022) (same).

## Conclusion

For the reasons set forth above, Defendants respectfully request that the Court dismiss Plaintiffs' complaint with prejudice.

Dated: December 5, 2022

Respectfully submitted,

*/s/ David Holman*

David Holman
CRISHAM & HOLMAN LLC
2549 West Main Street, Suite 202
Littleton, CO 80120
(720) 739-2176

Joshua Z. Rabinovitz
Anne I. Salomon
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(312) 862-2284

*Counsel for Defendants Michael D. Watford
and C. Bradley Johnson*

Edmund Polubinski III
Patrick W. Blakemore
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017 Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: edmund.polubinski@davispolk.com

*Attorneys for Defendant Evan Lederman*

Sheila A. Sadighi
300 Executive Drive, Suite 275
West Orange, New Jersey 07052
Tel. 973-996-4991
ssadighi@rksllp.com

Matthew Peller
1251 Avenue of the Americas
New York, New York 10020
Tel. 212-597-2822
mpeller@rksllp.com

*Counsel for Defendant Fir Tree Capital
Management LP (f/k/a Fir Tree Inc.)*

6