**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 1:20-cv-02652-NYW-STV

SCOTT HEINER,
BALA SETTU,
GEOFFREY POLYCHRONIS,
MAHDI RIYAD ISSA,
YOAV GIVON,
MIACHEL ALTMAN, Individually and on Behalf of All Others Similarly Situated,

     Plaintiffs,

v.

MICHAEL D. WATFORD,
C. BRADLEY JOHNSON,
ULTRA PETROLEUM, INC.,
FIR TREE CAPITAL MANAGEMENT LP N/K/A FIR TREE PARTNERS INC., and
EVAN LEDERMAN,

     Defendants.

---

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO THE
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE SCOTT T.
VARHOLAK TO GRANT LEAVE TO AMEND**

---

If the Court affirms Judge Varholak's order granting Defendants' motion to dismiss, then it should also affirm the part of his order granting leave to amend. A magistrate judge's grant of leave to amend is a non-dispositive recommendation reviewed only for clear error. Defendants only argue that Judge Varholak could have exercised his discretion to deny leave to amend, but to obtain reversal, they must show that he abused his discretion by granting leave. In any case, Judge Varholak's decision to grant leave to amend in a complicated securities case subject to the pleading standards of the Private Securities Litigation Reform Act ("PSLRA") is substantively correct.

## I.    PROCEDURAL HISTORY

This putative class action was filed by Eswaran Subramanian, represented by the law firms Shuman, Glenn & Stecker and Robbins Geller Rudman & Dowd LLP. On April 29, 2021, Judge Arguello appointed Scott Heiner, Bala Settu, Geoffrey Polychronis, Mahdi Riyad Issa, and Yoav Givon as Lead Plaintiffs for the putative class and approved their choice of counsel Levi & Korsinsky, LLP, Bragal Eagel & Squire, P.C., and Berens Law LLC ("Plaintiffs' Counsel"). Dkt. No. 41. The July 9, 2021, Amended Complaint, dkt. no. 47, was the first filed by either Lead Plaintiffs or Plaintiffs' Counsel.

During briefing on Defendants' motion to dismiss the Amended Complaint, Louis C. Talarico, acting pro se, filed a lawsuit in the U.S. District Court for the Southern District of Texas. *Talarico v. Johnson*, 21-cv-3689 (S.D. Tex.). On March 7, 2022, after Defendants' motion to dismiss the Amended Complaint was fully briefed, Mr. Talarico filed an amended complaint which newly alleged that Johnson had admitted facts to Mr. Talarico in private that are relevant to this case. *Talarico* Dkt. No. 43, at 89-91. Plaintiffs promptly stipulated with Defendants to file a second amended complaint ("Complaint") incorporating the facts Mr. Talarico alleged. Dkt. No. 75.

Defendants moved to dismiss the Complaint. Dkt. No. 84, 86-87. In his Report & Recommendation, Judge Varholak recommended that the Complaint be dismissed, but also recommended that the Court grant leave to amend.

## II.   JUDGE VARHOLAK'S RECOMMENDATION TO GRANT LEAVE TO AMEND IS REVIEWED FOR CLEAR ERROR

"The standard of review that this court employs in considering a magistrate judge's recommendation depends upon whether the motion upon which the magistrate judge has made a

recommendation is dispositive or non-dispositive." *Micale ex rel. Charles A. Micale Irrevocable Ins. Trusts v. Bank One N.A. (Chicago)*, 2006 WL 1222330, at \*2 (D. Colo. May 5, 2006). "Although the magistrate judge here issued a recommendation, motions to amend are generally are considered [sic] non-dispositive unless (unlike here) leave to amend is denied." *Tuft v. Indem. Ins. Co. of N. Am.*, No. 19-CV-01827-REB-KLM, 2020 WL 9432879, at \*1 (D. Colo. May 21, 2020). The grant of a motion to amend falls within Federal Rule of Civil Procedure 72(a) and is therefore reviewed for clear error. *Id* (quoting *Gomez v. Martin Marietta Corp*., 50 F.3d 1511, 1519-20 (10th Cir. 1995)).

## III.    THERE CAN BE NO CLEAR ERROR BECAUSE THE DEFENDANTS DO NOT IDENTIFY ANY CASE FINDING THAT COURTS *MUST* DENY LEAVE TO AMEND IN SIMILAR CIRCUMSTANCES

"Whether to grant leave to amend the pleadings pursuant to Rule 15(a) is within the Court's wide discretion." *Littlewood v. Novartis Pharms. Corp.*, No. 21-CV-02559-CMA-SKC, 2022 WL 252319, at \*1 (D. Colo. Jan. 27, 2022). Therefore, it is not enough for Defendants to show that Judge Varholak could have dismissed with prejudice; they must show that he was required to.

They do not even make the argument. Nor could they. For clear error, Judge Varholak would have had to have abused his discretion in granting leave to amend. All the cases Defendants cite hold that courts *may* deny leave to amend. *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999) (under circumstances, "court [was not] ***required*** to recognize that a motion for leave to amend is before it"); *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1119 (10th Cir. 2015) (denial of leave to amend was not abuse of discretion); *Johnson v. Spencer*,

3

950 F.3d 680, 721 (10th Cir. 2020) (court "*may* deny leave to amend[.]"). Defendants have cited

no case, and Plaintiffs are aware of none, holding that Judge Varholak *must* deny leave to amend.

Thus, Judge Varholak appropriately exercised his discretion in granting leave to amend. He did

not clearly err.

Under Local Rule 7.1(d), courts *may* deny a request for leave to amend that is not

accompanied by a formal motion. But Judge Varholak was not required to deny leave to amend

because, among other things, he can grant leave to amend *sua sponte*. *Dunning v. Jefferson Cnty.

Sch. Dist. R-1*, No. 22-CV-00641-MEH, 2022 WL 3212925, at *8 (D. Colo. Aug. 9, 2022).

Even if the Court found that Local Rule 7.1(d) permitted no discretion to grant leave to

amend, it would end up granting relief nearly identical to Judge Varholak's. If a court denies leave

to amend for failing to comply with Local Rule 7.1(d), dismissal is without prejudice. *Duong v.

State Farm Mut. Auto. Ins. Co.*, 2022 WL 4386003, at *6 (D. Colo. Sept. 22, 2022) (denying leave

to amend but dismissing claims without prejudice); *Armata v. Certain Underwriters at Lloyd's

London — Syndicate 1861*, No. 21-CV-00160-NYW, 2022 WL 3227619, at *11 (D. Colo. Aug.

10, 2022) (same); *Werahera v. Regents of Univ. of Colorado*, No. 21-CV-02776-NYW, 2022 WL

3645979, at *11 (D. Colo. Aug. 24, 2022) (dismissing without prejudice); *Houston Cas. Co. v.

Swinerton Builders*, No. 20-CV-03558-NYW, 2022 WL 3212927, at *13 (D. Colo. Aug. 9, 2022).

Applied here, the cases Defendants cite would suggest the Court should dismiss without prejudice

to filing a motion for leave to amend. Judge Varholak "RECOMMENDS Plaintiffs' complaint be

DISMISSED WITHOUT PREJUDICE, and that Plaintiffs be given fourteen (14) days from an

order on this Recommendation to file a proposed amended complaint." Dkt. 102 at 50. Had Local

4

Rule 7.1(d) stripped courts of their ability to grant relief *sua sponte*, it would require essentially what Judge Varholak ordered here.

## IV.    JUDGE VARHOLAK PROPERLY GRANTED LEAVE TO AMEND

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* Defendants do not argue that any of the *Foman* factors are applicable.

"[L]eave to amend is to be granted with extreme liberality in securities fraud cases, because the heightened pleading requirements imposed by the PSLRA are so difficult to meet." Dkt No. 102, at 49 (quoting *Osher v. JNI Corp.*, 183 F. App'x 604, 605 (9th Cir. 2006)). "[I]n this technical and demanding corner of the law, the drafting of a cognizable complaint can be a matter of trial and error." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Thus, in PSLRA cases, courts regularly grant leave to amend upon a request made by plaintiffs in their brief. *E.g. In re Qwest Commc'ns Int'l, Inc.*, 396 F. Supp. 2d 1178, 1209 (D. Colo. 2004) (granting leave to amend fourth amended complaint based on plaintiffs' request in their brief).

This is a complicated case securities fraud case that hinges on geological details of the gas field Ultra Petroleum aimed to exploit. Until now, neither this Court nor Judge Varholak had issued an opinion on the sufficiency of the complaint. In this context, Judge Varholak's decision to grant leave to amend was correct.

Dated: December 19, 2022

BERENS LAW LLC

/s/ Jeffrey A. Berens
Jeffrey A. Berens
2373 Central Park Boulevard, Suite 100
Denver, Colorado 80238
Telephone: (303) 861-1764
jeff@jberenslaw.com

*Liaison Counsel*

LEVI & KORSINSKY, LLP
Nicholas I. Porritt
Adam M. Apton
Adam C. McCall
1101 30th Street N.W., Suite 115
Washington, D.C. 20007
Telephone: (202) 524-4290
Facsimile: (202) 333-2121
nporritt@zlk.com
aapton@zlk.com
amccall@zlk.com

BRAGAR EAGEL & SQUIRE, P.C.
Melissa A. Fortunato
Marion Passmore
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Email: fortunato@bespc.com
Email: passmore@bespc.com

*Co-Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Jeffrey A. Berens, an attorney, hereby certify that on December 19, 2022, I caused a true and correct copy of the foregoing "PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO THE RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE SCOTT T. VARHOLAK TO GRANT LEAVE TO AMEND" to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury that the foregoing is true and correct. Executed on December 19, 2022.

/s/ Jeffrey A. Berens
Jeffrey A. Berens